IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUMMIT ALLIANCE FINANCIAL LLP, ET AL. | § § § § § § § § § § § | |
| Petitioners, | | |
| VS. | | NO. 3-11-CV-0826-O-BD |
| JAMES F. BOWMAN | | |
| Respondent. | | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioners Summit Alliance Financial LLP ("Summit") and Anders, Smith & Associates, LLP ("Anders Smith") have filed a motion to remand this case to Texas state court. For the reasons stated herein, the motion should be granted.

I.

This is an action brought by petitioners under the Texas Arbitration Act ("TAA"), Tex. Civ. Prac. & Rem. Code Ann. § 171.086, to obtain a court order authorizing an arbitrator to issue subpoenas to non-parties for the production of documents. In the underlying arbitration, James F. Bowman ("Bowman"), the respondent herein, alleges that Summit, his former employer, breached a severance agreement and that Anders Smith failed to pay him approximately $245,000 owed under a promissory note executed in connection with the severance agreement. (*See* Am. Rem. Notice at 3, ¶ B). Petitioners counter that Bowman violated the terms of a non-compete agreement and seek the return of more than $94,000 in severance payments already paid to him. (*Id.*; *see also* Rem. Notice App. at 19, ¶ 6). Because the severance agreement contains an arbitration clause, the dispute

has been submitted to binding arbitration. (*See* Rem. Notice App. at 19, ¶ 6). A final arbitration hearing is set for the week of July 18, 2011. (*See* Pet. Br. at 15).

As part of discovery in the arbitration proceeding, Summit requested the production of communications between Bowman and current, former, or prospective customers of the firm. (*See* Rem. Notice App. at 19, ¶ 7). When Bowman produced "only a handful" of email communications, Summit asked the arbitrator to issue subpoenas to 37 non-party customers. (*Id.*). The arbitrator determined that he had no authority to issue the subpoenas and denied the request. (*Id.* at 20, ¶ 8). On March 28, 2011, petitioners filed a petition in aid of arbitration in Texas state court. Bowman timely removed the action to federal court on the basis of diversity of citizenship. Noting that the removal notice failed to specify the citizenship of each general and limited partner of Summit and Anders Smith as required to establish federal diversity jurisdiction,[1] the district court ordered Bowman to file an amended notice of removal "that distinctly and affirmatively alleges the citizenship of all members of Plaintiffs' limited liability partnerships[.]" *See* Order, 4/21/11 at 2. Bowman filed an amended notice of removal on April 29, 2011. In an apparent attempt to cure the jurisdictional pleading defect identified by the court, Bowman alleges:

> Upon information and belief, plaintiff Anders Smith is a Texas Limited Liability Partnership that has its principal place of business located at 14785 Preston Road, Suite 100, Dallas Texas. The names and citizenship of each of the general and limited partners of Summit are as follows: Larry Anders (general partner), Mike Lester (limited partner) and Chuck Spitzer (limited partner). All three of these gentlemen are *residents* of Texas.
>
> Upon information and belief, Plaintiff Summit is a Texas Limited Liability Partnership that has its principal place of business located at 14785 Preston Road, Suite 100, Dallas Texas. Upon information and belief, Summit Alliance Insurance Group, a Texas LLC is the general

---

[1] The citizenship of a limited liability partnership, like Summit and Anders Smith, "is determined by the citizenship of all its members[.]" *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

> partner. Upon information and belief, the limited partners are Larry
> Anders, Mike Lester and Chuck Spitzer. All three of these gentlemen
> are *residents* of Texas.
>
> Defendant James F. Bowman *resides* at 8141 Clearwater Pt.,
> Parkville Missouri 64152 and works in Kansas.

(*See* Am. Rem. Notice at 4, ¶ A) (emphasis added).[2]

Petitioners now move to remand this case on two grounds: (1) the amended notice of removal still fails to allege the citizenship of the parties; and (2) a state court proceeding to obtain discovery for use in a pending arbitration is not removable under federal law. In addition to remand, petitioners seek costs and attorney's fees incurred as a result of the improper removal of this action. The issues have been fully briefed by the parties, and the motion is ripe for determination.

II.

A civil action brought in state court may be removed by a defendant to federal court if "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). One basis for federal jurisdiction is diversity of citizenship. The diversity statute provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions
> where the matter in controversy exceeds the sum or value of $75,000,
> exclusive of interest and costs, and is between . . . citizens of different
> States[.]

*Id.* § 1332(a)(1). As the party seeking to invoke federal diversity jurisdiction, Bowman bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *See Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Where, as here, one or more of the parties is a limited partnership, the citizenship of all partners -- general and limited -- must be "*distinctively* and *affirmatively*" alleged. *See Mullins v. TestAmerica, Inc.*, 564

---

[2] Bowman further alleges that the amount in controversy exceeds $75,000 because petitioners seek recovery "well in excess of that amount" in the underlying arbitration. (*See* Am. Rem. Notice at 4, ¶ B).

F.3d 386, 397 (5th Cir. 2009) (emphasis in original). The failure to adequately establish a basis for diversity jurisdiction "mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). Any doubts regarding whether removal jurisdiction is proper should be resolved against the exercise of federal jurisdiction. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 120 S.Ct. 2658 (2000).

A.

It is well-settled that allegations of residency are not sufficient for purposes of establishing federal diversity jurisdiction. *See Monardes v. Ayub*, 339 Fed.Appx. 369, 370, 2009 WL 2029884 at *1 (5th Cir. Jul. 10, 2009), *citing Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). Rather, a party must allege *citizenship* to satisfy the requirements of section 1332(a). *See Nadler*, 764 F.2d at 413; *Rolls-Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765, 793-94 (N.D. Tex. 2008) (allegation of residency rather than citizenship is inadequate to establish diversity jurisdiction). Although Bowman was specifically instructed that he must "distinctively and affirmatively" allege the citizenship of all members of Summit and Anders Smith, the amended notice of removal states only that the general partner and two limited partners of Anders Smith -- Larry Anders, Mike Lester, Chuck Spitzer -- are *residents* of Texas. (*See* Am. Rem. Notice at 4, ¶ A). Similar allegations as to the residence of Anders, Lester and Spitzer are made with respect to their involvement as limited partners in Summit. (*Id.*). The amended notice of removal contains no allegations whatsoever regarding the citizenship of Summit Alliance Insurance Group, LLC, the purported general partner of Summit. (*Id.*). Thus, Bowman has failed to sustain his burden of proving that diversity jurisdiction exists.

In an attempt to excuse his failure to correct the jurisdictional pleading defect identified by the district court in its prior order, Bowman argues that Summit admitted it was a citizen of Texas

in a complaint filed in a prior federal court action between the parties. (*See* Resp. Br. at 3, ¶ A.1) However, the pleading referenced by Bowman states only that Summit is "a Texas entity with its principal place of business in Texas." *See Summit Alliance LLP v. James F. Bowman and Advisors Excel, LLC*, No. 3-10-CV-0801-K (Doc. #1 at 2, ¶ 6). Nowhere in the complaint does Summit identify any of its general or limited partners or their citizenship. Even if the complaint filed by Summit in the prior litigation is sufficient to establish its citizenship for jurisdictional purposes, there are no allegations in that pleading as to the citizenship of Anders Smith or any of its partners.

Bowman also argues that diversity jurisdiction exists because petitioners do not deny that the parties are diverse. (*See* Resp. Br. at 4, ¶ A.2). This argument improperly suggests that petitioners have some burden to establish diversity jurisdiction. To the contrary, that burden rests squarely with Bowman. *See Garcia*, 351 F.3d at 638. His failure to establish a basis for diversity jurisdiction necessitates remand. *See Tredoux v. Steven*, No. 3-10-CV-0270-B, 2010 WL 3155130 at *3 (N.D. Tex. Aug. 9, 2010) (remand required where removing party failed to establish an element required for federal diversity jurisdiction). In view of the deficiencies in the amended notice of removal with respect to the citizenship of the parties and Bowman's failure to cure those deficiencies after being put on notice by the court, the case should be remanded to Texas state court. *See Plante v. Collett*, 14 Fed.Appx. 122, 123, 2001 WL 823423 at *1 (2nd Cir. Jul. 19, 2001) (remand warranted where defendant failed to cure deficiencies identified by district court); *Iguana, LLC v. Patriot Performance Materials, Inc.*, No. 7-08-CV-85(HL), 2008 WL 2967173 at *2 (M.D. Ga. Jul. 30, 2008) (same where defendant failed to provide information necessary to determine citizenship of each of member of limited liability company after being instructed to do so by district court).[3]

---

[3] In view of Bowman's failure to cure this jurisdictional pleading defect, the court need not decide whether a petition in aid of arbitration is a "civil action" subject to removal under section 1441. However, the court questions the precedential value of the authorities cited by petitioners in support of that alternative ground for remand, all of which

B.

Petitioners also seek court costs and attorney's fees incurred as a result of the improper removal of this action. A district court has discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The propriety of removal is central to this determination. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). An award of fees and expenses need not be "predicated on a finding of bad faith or negligent or frivolous removal." *Miranti*, 3 F.3d at 929, *citing News-Texan, Inc. v. City of Garland*, 814 F.2d 216, 220 (5th Cir. 1987). Instead, the relevant inquiry is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293.

Here, petitioners have failed to present any argument or authority pertaining to the critical issue of whether Bowman had objectively reasonable grounds to believe removal was legally proper. Instead, petitioners seem to assume that they are automatically entitled to an award of costs. Such is not the case. *See id.* at 292 (there is no automatic entitlement to an award of attorney's fees once it is determined that a case was improperly removed to federal court). Although Bowman twice failed to adequately plead facts necessary to establish diversity jurisdiction, the court should decline to award costs or attorney's fees.

---

involve the removal of ancillary actions seeking pre-suit discovery under Tex. R. Civ. P. 202. Lower courts are split over whether a Rule 202 proceeding can be removed to federal district court, and the Fifth Circuit has expressly declined to address the issue. *See Davidson v. Southern Farm Bureau Cas. Ins. Co.*, No. H-05-3607, 2006 WL 1716075 at *2 (S.D. Tex. Jun. 19, 2006) (noting Fifth Circuit's refusal to address whether a petition for discovery under Texas law constitutes a "civil action" for removal purposes); *Waller v. Wal-Mart Stores, Inc.*, No. 4-01-CV-0629-Y, 2002 WL 34504722 at *1 n.1 (N.D. Tex. Mar. 4, 2002) (citing cases demonstrating split). Moreover, the instant case does not involve the removal of a Rule 202 proceeding.

## RECOMMENDATION

Petitioners' motion to remand [Doc. #7] should be granted. This case should be remanded to the 116th District Court of Dallas County, Texas. Petitioners' request for court costs and attorney's fees should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 7, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE